# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| ALFORD D. EMBRY, JR., ) | |
| ) | Case No. 1:99-cr-67; 1:16-cv-518 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Before the Court is a second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, (Doc. 69), filed by Alford D. Embry, Jr., ("Petitioner") seeking to challenge his classification as a career offender under the United States Sentencing Guidelines ("USSG") in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the following reasons, Petitioner's § 2255 motion (Doc. 69) will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE**. Petitioner's motion to defer ruling pending the Supreme Court's resolution of a certiorari petition in *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017) *cert denied* 138 S. Ct. 2661 (2018), (Doc. 76), will be **DENIED as moot**.

## I.   PROCEDURAL BACKGROUND

Between August 1999 and February 2000, Petitioner was charged with various offenses in three separate indictments filed at three separate case numbers. (Doc. 11 at No. 1:99-cr-67; Doc. 1 at No. 1:99-cr-68; Doc. 2 at No. 1:00-cr-11). On September 24, 1999, Petitioner pled guilty to: one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); one count of using and carrying a firearm during and in relation to a crime of violence, in violation of

1

18 U.S.C. § 924(c)(1)(A)(ii); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Doc. 23 at No. 1:99-cr-67). On that same day, he also pled guilty to two counts of armed bank robbery and two counts of being a felon in possession of a firearm. (Doc. 7 at No. 1:99-cr-68). On April 12, 2000, Petitioner was found guilty by jury verdict of one count of conspiracy to escape, in violation of 18 U.S.C. § 371, and one count of assault of a federal law enforcement officer, in violation of 18 U.S.C. § 115(a)(1). (Doc. 21 at No. 1:00-cr-11). The three cases then were consolidated for sentencing.

A presentence investigation report ("PSIR") identified two prior convictions for a "crime of violence" that qualified Petitioner as a career offender under §§ 4B1.1(a) and 4B1.2(a) of the United States Sentencing Guidelines ("USSG"). (PSIR ¶¶103, 110, 111). On July 21, 2000, Petitioner was sentenced to an aggregate term of imprisonment of 378 months to be followed by an aggregate term of supervised release of 5 years.[1] (Docs. 46, 49 at No. 1:99-cr-67; Docs. 11, 12 at No. 1:99-cr-68; Docs. 25, 27 at No. 1:00-cr-11). Petitioner did not file a direct appeal.

Petitioner filed his first § 2255 motion on July 25, 2001, (Doc. 1 at No. 1:01-cv-227), which was denied on May 15, 2002. (Docs. 2, 3 at No. 1:02-cv-227). On April 8, 2016, Petitioner filed a motion in the Sixth Circuit Court of Appeals seeking leave to file a second § 2255 motion in order to challenge his career offender classification pursuant to *Johnson*. (Doc. 69, at 2). By order dated July 29, 2016, the Sixth Circuit granted Petitioner's motion to file a second or successive § 2255 and transferred the case back to this Court to be held in abeyance

---

[1] The aggregate term of 378 months' imprisonment consists of: 294 months on Count 1 and 120 months on Count 3 at No. 1:99-cr-67; 294 months on Counts 1 and 3 and 120 months on Counts 2 and 4 at No. 1:99-cr-68; and 60 months on Count 1 and 36 months on Count 2 at No. 1:00-cr-11, with all of those terms to be served concurrently to each other. Petitioner also was sentenced to a term of imprisonment of 84 months on Count 2 at No. 1:99-cr-67, to be served consecutively to the terms imposed at the other counts.

pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). (Doc. 68).

Petitioner's § 2255 motion (Doc. 69) seeks to challenge his career-offender classification pursuant to *Johnson*, in which the Supreme Court determined that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague in violation of the Due Process Clause. 135 S. Ct. at 2563. Petitioner argues that the identically worded residual clause of § 4B1.2(a)(2) of the USSG likewise is void for vagueness in light of *Johnson*.

On March 6, 2017, the Supreme Court decided *Beckles*, holding that the USSG, which are advisory, *see United States v. Booker*, 543 U.S. 220, 245 (2005), "are not subject to a vagueness challenge under the Due Process clause" and that, as a result, the residual clause of the *advisory* USSG "is not void for vagueness." *Beckles*, 137 S. Ct. at 892. Left open by *Beckles*, however, was the issue of whether defendants sentenced to terms of imprisonment pre-*Booker*, when the USSG were binding on the federal courts, may mount vagueness challenges to their sentences. *Id.* at 903 n. 4 (J. Sotomayor, concurring).

Petitioner then filed a supplemental brief arguing that *Beckles* exempts only sentences under the advisory USSG from vagueness challenges, not sentences, such as his, imposed under the pre-*Booker* mandatory USSG (Doc. 67). As a result, Petitioner maintains that the residual clause of the *mandatory* USSG is void for vagueness under *Johnson*. (*Id.*) The government responded by arguing that *Johnson* invalidated only the residual clause of the ACCA and that the Supreme Court has never made that reasoning applicable to the pre-*Booker* guidelines nor made that holding retroactive to mandatory guidelines cases on collateral review. (Doc. 74).

Petitioner followed with a reply reiterating his position that *Johnson* applies to the mandatory USSG and should be applied retroactively to him. (Doc. 75).

## II.     ANALYSIS

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief under § 2255 which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner did not file a timely notice of appeal in this case so his conviction became final when the time for filing an appeal expired ten days, excluding holidays and weekends, after the judgment was entered on August 7, 2000. (Doc. 49). *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) (when no appeal is taken to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed, even when no notice of appeal was filed); Fed. R. App. P. 4(b)(1) (2001); Fed. R. App. P. 26(a) (2001). Petitioner's § 2255 motion was not filed in the Sixth Circuit Court of Appeals until April 8, 2016, nearly sixteen years later. Thus, his motion is untimely unless he satisfies one of the exceptions set forth in § 2255(f).

Petitioner contends that his motion is timely under § 2255(f)(3) because it is based on *Johnson*, which triggered a renewed one-year limitation period by recognizing a new right that

4

applies retroactively.[2] It is settled that challenges to ACCA sentences based on *Johnson* satisfy the third sub-category of § 2255(f), *i.e.*, the assertion of a newly recognized right made retroactively applicable to cases on collateral review. *Welch*, 136 S. Ct. at 1268 (*Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review); *In Re Watkins*, 810 F.3d at 381–85. However, *Johnson* dealt only with the residual clause of the ACCA, not with the residual clause of the USSG. *Walker v. United States*, No. 17-5500, 2018 WL 739381, at * 1 (6th Cir. Feb. 7, 2018). Thus, Petitioner's motion is untimely unless *Johnson* recognized a new right that also applies to defendants sentenced under the pre-*Booker* mandatory USSG.

This issue was decided in *Raybon*, *supra*, which held that whether *Johnson* applies to the mandatory guidelines is an "open question" and therefore is not a "'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'" 867 F.3d at 630 (*quoting* § 2255(f)(3)).[3] As a result, because Petitioner's motion fails to satisfy the requirements of § 2255(f)(3), and his motion does not satisfy any of the other subsections of § 2255(f), it is untimely and must be denied.[4] *See Walker*, 2018 WL 739381, at * 1; *Chubb v. United States*, 707 Fed. App'x. 388, 390 (6th Cir. 2018).

---

[2] The one-year limitation period for filing a motion to vacate based on a right newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 357 (2005). Accordingly, *Johnson* triggered a renewed one-year period of limitation for challenges to ACCA sentences beginning on the date of that decision, June 26, 2015, and running until June 26, 2016.

[3] On June 18, 2018, the Supreme Court denied a petition for writ of certiorari in *Raybon*. 138 S. Ct. 2661 (2018). The Supreme Court to date has not recognized that individuals have a constitutional right not to be sentenced as career offenders under the residual clause of the pre-*Booker* mandatory USSG.

[4] The Supreme Court has held that the one-year limitation period set forth in § 2255(f) is not jurisdictional, *Day v. McDonough*, 547 U.S. 198, 205 (2006), and thus may be subject to

## III. CONCLUSION

For the reasons set forth herein, the Court finds that Petitioner's § 2255 motion is untimely. Accordingly, Petitioner's § 2255 motion (Doc. 69) will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE**. Petitioner's motion to defer ruling pending resolution of the certiorari petition in *Raybon*, (Doc. 76), will be **DENIED as moot**.

**AN APPROPRIATE ORDER WILL ENTER.**

    **/s/** *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Court finds no basis for equitable tolling here.